Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN CHINO BARRERA, and
OSCAR VENCES ESTRADA, on behalf of
themselves and others similarly situated,

                Plaintiffs,

-against-

QUEENS DOLLAR INC., d/b/a 99 CENTS RUSH,
and SAMIR Z. DHANANI,

                Defendants.

Case No.: 17 Civ. 1565

**COMPLAINT**
**FLSA ACTION**

ECF Case

---

Plaintiffs, **JUAN CHINO BARRERA, and OSCAR VENCES ESTRADA**, (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, QUEENS DOLLAR INC., d/b/a 99 CENTS RUSH, and SAMIR Z. DHANANI, (collectively, "the Defendants"), and state as follows:

### INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours; (4) liquidated damages and statutory penalties pursuant to the New York State Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are adult residents of New York City.

6. Plaintiffs reside in the Southern District of New York.

7. Upon information and belief, Defendant, Queens Dollar, Inc., d/b/a 99 Cents Rush, is a business entity organized and existing under the laws of the State of New York, with a principal place of business at 1466 Westchester Avenue, Bronx, New York 10472.

8. Upon information and belief, Defendant, Samir Z. Dhanani, is an owner, officer, director and/or managing agent of Queens Dollar, Inc., d/b/a 99 Cents Rush, (hereinafter referred to as "99 Cents Rush"), whose address is unknown at this time, and

who participated in the day-to-day operations of 99 Cents Rush and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with 99 Cents Rush.

9. Plaintiff, Juan Chino Barrera, has been employed by Defendants in Bronx County, New York, to work as a stock person / general helper at Defendants' retail store, from on or around 2007, through the present.

10. Plaintiff, Oscar Vences Estrada, has been employed by Defendants in Bronx County, New York, to work as a stock person / general helper at Defendants' retail store, from on or around June 2016, through the present.

11. At all relevant times, 99 Cents Rush was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiffs was and is directly essential to the business operated by the Defendants.

13. At all relevant times, Defendants have knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages and overtime compensation in contravention of the FLSA and New York Labor Law.

14. At all relevant times, Defendants have knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

15. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

16. In or about 2007, Plaintiff, Juan Chino Barrera, was hired by Defendants to work as a stock person / general associate at Defendants' store known as "99 Cents Rush", located at 1466 Westchester Avenue, Bronx, New York 10472. Juan Chino Barrera also worked for the Defendants at other locations and other similar stores, owned and operated and managed by the same individual defendant, Samir Z. Dhanani

17. Plaintiff, Juan Chino Barrera, has worked continuously for the Defendants between 2007, through the present.

18. During the course of Juan Chino Barrera's employment by the Defendants, he worked over forty (40) hours per week. Plaintiff Juan Chino Barrera generally worked six (6) days a week, and his work shift consisted of eleven (11) or more hours each day.

19. In 2010 - 2012, Plaintiff Juan Chino Barrera was paid at a rate of $350.00 per week, in cash, and worked approximately sixty-six (66) hours per week. His pay was increased in 2013 - 2014, to $450.00 per week, for the same hours; and his pay was further increased in 2015, to $580.00 per week; and in 2016, to $650.00 per week. He has always been paid wages in cash. Work performed above forty (40) hours per week was not and is not paid at time and one-half the statutory minimum rate (or plaintiff's regular rate), as required by state and federal law.

20. In or about June 2016, Plaintiff, Oscar Vences Estrada, was hired by Defendants to work as a stock person / general associate at Defendants' store known as "99 Cents Rush", located at 1466 Westchester Avenue, Bronx, New York 10472.

21. Plaintiff, Oscar Vences Estrada, has worked continuously for the Defendants since June 2016, through the present.

22. Plaintiff Oscar Vences Estrada generally worked six (6) days a week, and his work shift consists of eleven (11), or more, hours each day.

23. Plaintiff Oscar Vences Estrada was not paid proper minimum wages or overtime compensation. Plaintiff Oscar Vences Estrada is paid at a rate of $8.18 per hour, in cash, and works approximately sixty-six (66) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate as required by state and federal law.

24. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs, and other similarly situated employees.

25. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

26. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiffs and other similarly situated employees on days when their work hours exceeded ten (10) hours.

27. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

28. Defendant, Samir Z. Dhanani, is an individual who, upon information and belief, owns the stock of the corporate defendants, Queens Dollar Inc., owns Queens Dollar Inc., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

29. The individual defendant Samir Z. Dhanani, exercised control over the terms and conditions of Plaintiffs' employment in that he had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of the employees' employment.

30. Defendant Samir Z. Dhanani exercised sufficient control over 99 Cents Rush' day-to-day operations as to be considered an employer of Plaintiffs and those similarly situated under the FLSA and New York Labor Law.

31. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendants, Queens Dollar Inc. (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

32. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "31" of this Complaint as if fully set forth herein.

33. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

35. During the most recent three (3) years, Defendants have had gross revenues in excess of $500,000.

36. Plaintiffs worked hours for which they were not paid the statutory minimum wage.

37. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for all of the hours they worked.

38. Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

39. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

40. At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

41. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

42. The Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

43. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

45. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

46. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

47. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

48. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. At all relevant times Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

50. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked.

51. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

52. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

53. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

54. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "53" of this Complaint as if fully set forth herein.

55. The New York State Wage Theft Prevention Act, New York Labor Law § 195(1), requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

56. The New York State Wage Theft Prevention Act, New York Labor Law § 195(3), requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

57. At times relevant to this action Plaintiffs were paid cash, and not provided with an accurate wage and comprehendible statement as required by law, New York Labor Law § 195(3).

58. As a result of Defendant's violations of New York Labor Law § 195(1), for the period April 9, 2011 through present, Plaintiff may recover statutory penalties, not to exceed a total of five thousand dollars per Plaintiff, together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-b).

59. As a result of Defendant's violations of New York Labor Law § 195(3), for the period April 9, 2011 and thereafter, Plaintiffs may recover statutory penalties for each work week Defendants failed to provide Plaintiffs with wage notices, not to exceed a total of five thousand dollars per Plaintiff, together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

60. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, on behalf of themselves and similarly situated employees, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful and in violation of Plaintiffs' rights under the FLSA and New York Labor Law;

(b) An award of unpaid wages, minimum wages and overtime compensation, due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d) An award of statutory damages for failure to provide wage notices and wage statements, as well as civil penalties pursuant to the New York State Wage Theft Prevention Act;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation, and "spread of hours" premiums, pursuant to the New York Labor Law;

(g) An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(i)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       March 2, 2017

>Respectfully submitted,
>
>CILENTI & COOPER, PLLC
>**Counsel for Plaintiffs**
>708 Third Avenue – 6th Floor
>New York, NY 10017
>Telephone  (212) 209-3933
>Facsimile  (212) 209-7102
>pcooper@jcpclaw.com
>
>By: _____
>     Peter H. Cooper  (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Juan Chino Barrera__, am an employee currently or formerly employed by __99¢ Rush__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__March 2__, 2017

_____

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, ___Oscar Vences Estrada___, am an employee currently or formerly employed by ___99¢ Rush___, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
___March 2___, 2016̸7

_____